UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Darcy L. LaPier,                        Case No. 6:18-bk-03643-KSJ
                                                 Chapter 7

         Debtor.   /

**MOTION TO APPROVE COMPROMISE OF**
**CONTROVERSY WITH DEBTOR AND DEBTOR RELATED ENTITIES**

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801 within 21 days from the date of the certificate of service included herein, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Movant, Marie E. Henkel, as the duly appointed and acting chapter 7 trustee (the "Trustee"), pursuant to F.R.B.P. 9019, requests entry of an order approving a compromise of controversy between the Trustee, on the one hand, and Darcy L. LaPier ("Debtor"), Dash ta da Moon, LLC ("Dash"), Barn Door Enterprises, LLC ("Barn Door"), and the Darcy LaPier Snodgrass Trust (the "Darcy Trust" and together with Dash and Barn Door, the "Non-Debtor

4814-2095-5339.1

Defendants"), on the other hand.  Debtor and the Non-Debtor Defendants are collectively referred to herein as the "Defendants".  The Trustee respectfully states:

## BACKGROUND AND CONTROVERSIES

1. Debtor filed a Chapter 7 bankruptcy case on June 18, 2018 (the "Petition Date").

2. The Trustee was appointed on June 18, 2018 as the acting Chapter 7 Trustee of the bankruptcy estate of Debtor (the "Bankruptcy Estate") and remains in that capacity to date.

3. Pursuant to prior order of this Court, the undersigned counsel was retained by the Trustee as special counsel to pursue certain litigation for the benefit of this Bankruptcy Estate.

4. The Trustee filed her *Complaint Objecting to Discharge under 11 U.S.C. § 727* against Debtor on March 29, 2019, Adv. No. 6:19-ap-00107-KSJ (the "727 Adversary").  The 727 Adversary remains pending at this time.  The Trustee objected to the Debtor's discharge under several provisions of 11 U.S.C. § 727.

5. The Trustee additionally filed her *Complaint (I) for Declaration of Alter Ego, (II) Determining Property of the Estate, and (III) Seeking Turnover, Accounting and Related Relief* against Debtor, Dash, Barn Door, and the Darcy Trust on May 23, 2019, commencing Adv. No. 6:19-ap-00193-KSJ (as amended, the "Alter Ego Adversary" and together with the 727 Adversary, the "Adversary Proceedings").  Pursuant to prior order of the Court, the 727 Adversary and the Alter Ego Adversary were consolidated for pre-trial and trial purposes.  Trial of the Adversary Proceedings is scheduled to commence on September 24, 2020.

6. In the Alter Ego Adversary, the Trustee asserts various claims against each of the Defendants including (a) a declaration that each of the Non-Debtor Defendants are the alter egos of the Debtor and all of their respective assets are property of this Bankruptcy Estate, (b) a declaration that all assets of the Non-Debtor Defendants are property of this Bankruptcy Estate,

(c) a request for turnover to the Trustee of all assets of the Non-Debtor Defendants and assets of Debtor not claimed as exempt, (d) a declaration that the Non-Debtor Defendants are the nominees of the Debtor, (e) for an accounting, (f) a request for a finding that all assets of the Non-Debtor Defendants are subject to a constructive trust for the benefit of this Bankruptcy Estate, (g) a declaration that the Darcy Trust is self-settled and thus all assets of the Darcy Trust are property of this Bankruptcy Estate, and (h) alternatively, for the recovery of certain alleged fraudulent transfers.

7. The Trustee, with the assistance of her counsel, has conducted extensive discovery in the 727 Adversary Proceedings including voluminous document review, subpoenaing of records from various third parties including Defendants' banks, and taking Rule 2004 examinations of Debtor, Debtor's ex-husband, and the accountant for Debtor's ex-husband. Additionally, the Trustee, with the assistance of her counsel, took depositions of each of the Defendants and two additional third party witnesses.

## THE COMPROMISE

8. The Trustee, with the assistance of her counsel, and the Defendants engaged in negotiations in an attempt to amicably resolve the issues raised in the Adversary Proceedings. After such negotiations and subject to the approval of this Court, the Trustee and the Defendants have agreed to the terms of two separate judgments, attached hereto as **Exhibits A and B**, respectively and collectively referred to herein as the "Judgments", to resolve the Adversary Proceedings. Without limiting any of the terms and provisions of the attached proposed Judgments in the Adversary Proceedings, the general terms of such settlement are as follows:

    a.    Debtor's discharge will be denied under 11 U.S.C. § 727;

    b.    Defendants shall turnover to the Trustee the following assets on or before October 23, 2020 or such later date as agreed by the Trustee:

  i. the sum of $115,720.11, representing cash in the bank accounts of the Non-Debtor Defendants as of the Petition Date;

  ii. the sum of $29,500.00 for the sale of a certain "partnership horse";

  iii. the sum of $500.00 for Debtor's use of certain airline loyalty miles subsequent to the Petition Date;

  iv. all amounts paid to date for the sale of a certain horse trailer in March 2019 in the amount of not less than $32,000.00;

  v. Certain specified horses;

  vi. Certain additional property as outlined in the Judgments;

  vii. All other assets of the Defendants for which any of the Defendants had possession, custody or control as of the Petition Date or as of the date of the Judgments;

  viii. All books and records of the Defendants to the Trustee or her designee;

  ix. All assets, claims and causes of action and other rights of the Non-Debtor Defendants and each Defendant waives any attorney client privilege, work product doctrine and other privileges for the benefit of the Trustee and this Bankruptcy Estate, excluding communications with Walter Snell at Snell & Snell, P.C.;

  x. Certain specified vehicles and trailers or all sale proceeds thereof;

  xi. Any funds received in the future by any of the Defendants respecting the sale of a certain horse trailer; and

  xii. Any other duties, terms and conditions as set forth in the Judgments.

9. By this Motion, the Trustee requests the Court authorize her to enter in the Judgments with the Defendants and to take all actions necessary or appropriate to consummate and enforce the terms of the Judgment.

## BEST INTEREST OF THE ESTATE

10. Absent the settlement, the Adversary Proceedings would have to be litigated with no assurance of a favorable outcome for the benefit of the Bankruptcy Estate. While the Trustee believes the Adversary Proceedings are meritorious, the probability of succeeding in litigation is

not guaranteed. The resolution of the Adversary Proceedings via settlement, provide a reasonable and favorable outcome for the Bankruptcy Estate and eliminates the risk of not prevailing in the Adversary Proceedings. In fact, the Trustee believes that a result through litigation of the Adversary Proceedings would not be materially more beneficial than the benefits from the proposed settlement.

11. Trustee believes that the costs of litigation would diminish the recovery to creditors in this matter.

12. Trustee believes that this settlement is in the best interest of creditors and the Bankruptcy Estate.

13. This Motion and the proposed settlement of the Adversary Proceedings as set forth herein are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

14. The legal standard for approval of a settlement in the Eleventh Circuit is as outlined in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1522, 1549 (11th Cir.) cert denied 498 U.S. 959 (1990). *Justice Oaks, II* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of creditors and the proper deference to their reasonable views in the premises. Trustee believes that the settlement of the Adversary Proceedings complies with the legal principles relied upon within these authorities.

15. The settlement of the Adversary Proceedings will permit the liquidation of certain assets for the benefit of the Bankruptcy Estate. The Trustee believes the settlement of the

Adversary Proceedings is in the best interest of the creditors and interested parties because it settles the controversy without further cost, risk or delays necessitated by litigation.

WHEREFORE, the Trustee respectfully requests that the Court, after notice and the lack of any response, enter an order approving this compromise and for such further relief as the Court deems appropriate.

Respectfully submitted this 21st day of September, 2020.

**GRAY REED & McGRAW LLP**

By: *Micheal W. Bishop*
    Micheal W. Bishop (admitted *pro hac vice*)
    Texas Bar No. 02354860
    Lydia R. Webb (admitted *pro hac vice*)
    Texas Bar No. 24083758
    Amber M. Carson (admitted *pro hac vice*)
    Texas Bar No. 24075610
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: mbishop@grayreed.com
       lwebb@grayreed.com
       acarson@grayreed.com

- and –

**M. E. HENKEL, P.A.**

    Kristen Laurel Henkel
    Florida Bar No. 81858
3560 S. Magnolia Ave.
Orlando, Florida 32806
Telephone: (407) 438-6738
Facsimile: (407) 858-9466
Email: khenkel@mehenkel.com

**SPECIAL COUNSEL TO THE TRUSTEE**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of September, 2020, a true and correct copy of the foregoing document was served via CM/ECF on all parties who have subscribed for electronic notice in this case, on counsel to the Debtor and Non-Debtor Defendants via electronic mail at: snellandsnell@mindspring.com and on the parties listed on **Exhibit C** attached hereto.

*/s/ Micheal W. Bishop*
Micheal W. Bishop
