

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Darcy L. LaPier,

    Debtor.    /

Marie E. Henkel, Chapter 7 Trustee

    Plaintiff,

v.

Darcy L. LaPier,

    Defendant.    /

Marie E. Henkel, Chapter 7 Trustee

    Plaintiff,

v.

Darcy L. LaPier, Dash ta da Moon, LLC, Barn Door Enterprises, LLC, and the Darcy LaPier Snodgrass Trust,

    Defendants.    /

Case No. 6:18-bk-03643-KSJ
Chapter 7

Jointly Administered Under
Adv. Proc. No. 6:19-ap-00107-KSJ

## AGREED JUDGMENT ON THE ALTER EGO AMENDED COMPLAINT

CAME ON TO BE CONSIDERED the Trustee's *Amended Complaint (I) for Declaration of Alter Ego, (II) Determining Property of the Estate, and (III) Seeking Turnover, Accounting, and*

*Related Relief* (the "Complaint") filed herein by the duly appointed and acting chapter 7 trustee, Marie E. Henkel (the "Trustee"). The Trustee, on the one hand, and Darcy L. LaPier ("Debtor"), Dash ta da Moon, LLC ("Dash"), Barn Door Enterprises, LLC ("Barn Door"), and the Darcy LaPier Snodgrass Trust (the "Trust") (collectively the "Defendants"), on the other hand, have agreed to the terms of this Judgment. The Court finds that it has jurisdiction over the claims and defenses asserted in the Complaint. The Court further finds that this Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(a)(2). The Court further finds good cause to grant the relief requested herein.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. That at all times, Dash, Barn Door, and the Trust (collectively, the "Non-Debtor Defendants") were the alter egos of the Debtor and at all times the legal and equitable interests in any assets of the Non-Debtor Defendants (and assets purchased with funds from the bank accounts of the Non-Debtor Defendants) were in actuality, the assets of the Debtor including, but not limited to, on June 18, 2018 (the "Petition Date"). The Debtor, at her sole cost and expense, shall turnover to the Trustee, or persons designated by the Trustee, the following assets on or before October 23, 2020, or such later date as may be agreed to in writing by the Trustee:

   a. The sum of $114,476.78, representing the cash in the Dash bank account ending in 5008 at U.S. Bank, N.A. as of the Petition Date;

   b. The sum of $622.95, representing the cash in the Dash bank account ending in 5867 at U.S. Bank, N.A. as of the Petition Date;

   c. The sum of $620.38, representing the cash in the Barn Door bank account ending in 1709 at U.S. Bank, N.A. as of the Petition Date;

   d. The sum of $29,500.00 for the sale of the "partnership horse" to Lance Graves in July 2018;

   e. The sum of $500.00 for the Alaska Airlines loyalty miles held by Debtor as of the Petition Date;

f. All of amounts paid to date by Paul Brashears for the purchase of a 2005 Bloomer horse trailer in March 2019 in the amount of not less than $32,000;

g. A horse named Letta Brother Do It;

h. A horse named Rooster's Handyman;

i. A horse named Beda Feature Me;

j. A horse named Star War Cutter Lynx;

k. A horse named MP Vaqueros Star (together with items g. through j., the "Horses");

l. Except as set forth in the following sentence, all assets described in the *Fairmarket Value Appraisal Report* prepared by Alyssa R. Stevens dated January 3, 2020 that are not otherwise listed in this Judgment, *provided*, *however*, Debtor shall be allowed to designate as exempt the personal clothing and accessories claimed by her as exempt with a cap of $2,000.00 in total value. Debtor shall not be required to turnover to the Trustee the bicycle, washer and dryer, gator, Kubato tractor, saddle emblazened with "Sterling," or the dress shown on page 77 described in the Stevens appraisal;

m. All other assets of the Defendants, or which any of the Defendants had possession, custody, or control as of the Petition Date, whether or not previously disclosed to the Trustee;

n. All other assets of the Defendants, or which any of the Defendants had possession, custody, or control as of the date of this Judgment, whether or ot previously disclosed to the Trustee;

o. Each of the Defendants shall turn over all of their books and records to the Trustee or her designee;

p. All assets, claims, causes of action, and other rights of the Non-Debtor Defendants are property of Debtor's bankruptcy estate;

q. Each of the Defendants hereby waive any attorney/client privilege, work product doctrine, and other privileges for the benefit of the Trustee and this bankruptcy estate (and to the extent required, assign same to the Trustee), except with respect to Debtor's communications with Walter Snell at Snell & Snell P.A.  To the extent requested by the Trustee, each Defendant shall also assist the Trustee in obtaining copies of any files of any their respective attorneys and other professionals, excluding Mr. Snell;

r. The Defendants shall maintain proper insurance on the vehicles and trailers described herein until such time as Trustee takes possession of or sells such vehicles and trailers.  The Defendants shall turn over to the Trustee the vehicles

3

and trailers and their respective original certificates of title for all vehicles or trailers owned, held, controlled or titled in the name of any Defendant as of the Petition Date (and Debtor shall immediately cease using of such vehicles or trailers), including but not limited to the following:

| Year | Make | Type | VIN/ID | Address | City |
|---|---|---|---|---|---|
| 2008 | Bloomer Trailer Mfg Inc | Travel or Recreational Trailer | R852115 | 36550 NE WILSONVILLE | NEWBERG |
| 2007 | Freightliner | Truck | F169200 | 36550 NE WILSONVILLE | NEWBERG |
| 2006 | PLATI | LT | U465657 | 36550 NE WILSONVILLE | NEWBERG |
| 2004 | Eagle Trailers Inc. | Utility | HS93142 | 36550 NE WILSONVILLE | NEWBERG |
| 2015 | Bloomer Trailer Mfg Inc | HT | HV00725 | 36550 NE WILSONVILLE | NEWBERG |
| 2015 | Ford | CW | *TURNBN | 36550 NE WILSONVILLE | NEWBERG |
| 2016 | Cadillac | 4 or 5 DR Wagon | 400GDW | 36550 NE WILSONVILLE | NEWBERG |

s.  In the event any of the vehicles or trailers described in the prior paragraph have been sold or transferred, Defendants shall turnover all sale related documentation and all sale proceeds to the Trustee.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

a.  Each of the Defendants shall timely cooperate, using best efforts, with the Trustee to provide additional information and/or documents as reasonably requested by the Trustee in her effort to administer Debtor's bankruptcy estate;

b.  Debtor shall not amend her claim of exemptions previously filed in her bankruptcy case;

c.  Any funds received in the future by any of the Defendants regarding or relating to the sale of a certain 2005 Bloomer horse trailer to Paul Brashears shall be held in trust by the Defendants and immediately turned over to the Trustee. The Trustee shall be authorized to instruct Mr. Brashears to pay any future payments on the trailer directly to the Trustee;

d.  Each Defendant shall have an ongoing duty to immediately turnover to the Trustee any property of the bankruptcy estate and any documents required to be turned over to the Trustee;

e.  Debtor shall properly feed, care for and insure the Horses at 36550 and 36860 NE Wilsonville Rd, Newberg, Oregon (the "Oregon Property") (or such other location as may be agreed to in writing by the Trustee) until such time as the

       Trustee sells the Horses, at no cost or expense to the Trustee or this bankruptcy estate;

   f. The Debtor shall cooperate in good faith with the Trustee to implement the terms of this Judgment; and

   g. Debtor shall allow Trustee and her designees access to the Oregon Property, without cost or expense to the Trustee or this bankruptcy estate, to implement the terms and provisions of this Judgment.

2. This Adversary Proceeding involving the Trustee's Complaint originally filed in Adverary No. 19-ap-00193 is hereby severed from the jointly administered Adversary No. 19-ap-00107. This Judgment shall constitute a final judgment. Nothing contained herein affects in any manner the Trustee's claims and causes of action asserted in Adversary Proceeding No. 19-ap-00107 pending before this Court.

3. The duties and obligations of Debtor and the other Non-Debtor Defendants herein shall remain binding and enforcable against each of such parties whether or not Debtor ultimately obtains a discharge in her bankruptcy case.

4. This Court retains jurisdiction to enforce and interpret this Judgment.

###

Counsel for the Trustee is directed to serve a copy of this judgment on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Judgment.

4826-2669-3834.3

**AGREED AS TO FORM AND CONTENT:**

| | |
|---|---|
| **GRAY REED & McGRAW LLP** | **SNELL & SNELL, P.A.** |
| By: */s/ Micheal W. Bishop* | By: */s/ Walter J. Snell* |
|    Micheal W. Bishop (admitted *pro hac vice*) |    Walter J. Snell |
|    Texas Bar No. 02354860 |    Florida Bar No. 729360 |
|    Lydia R. Webb (admitted *pro hac vice*) | 436 N Peninsula Drive |
|    Texas Bar No. 24083758 | Daytona Beach, FL 32118 |
|    Amber M. Carson (admitted *pro hac vice*) | Telephone:  (386) 255-5334 |
|    Texas Bar No. 24075610 | Facsimile:  (386) 255-5335 |
| 1601 Elm Street, Suite 4600 | Email: snellandsnell@mindspring.com |
| Dallas, Texas 75201 | |
| Telephone:  (214) 954-4135 | **COUNSEL TO THE DEFENDANTS** |
| Facsimile:  (214) 953-1332 | **DARCY L. LAPIER, DASH TA DA** |
| Email: mbishop@grayreed.com | **MOON, LLC, BARN DOOR** |
|        lwebb@grayreed.com | **ENTERPRISES, LLC AND DARCY** |
|        acarson@grayreed.com | **LAPIER SNODGRASS TRUST** |

- and –

**M. E. HENKEL, P.A.**

By: _____
   Darcy L. LaPier, Individually

   Kristen Laurel Henkel
   Florida Bar No. 81858
3560 S. Magnolia Ave.
Orlando, Florida 32806
Telephone: (407) 438-6738
Facsimile: (407) 858-9466
Email: khenkel@mehenkel.com

**DASH TA DA MOON, LLC**

   By: _____
   Its: _____

**SPECIAL COUNSEL TO THE TRUSTEE**

**BARN DOOR ENTERPRISES, LLC**

   By: _____
   Its:

**DARCY LAPIER SNODGRASS TRUST**

   By: _____
   Its:

